FILED
United States Court of Appeals
Tenth Circuit

**January 22, 2026**

**Christopher M. Wolpert
Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MALACHI MATHIAS MOON SEALS,

    Defendant - Appellant.

No. 24-1028
(D.C. No. 1:22-CR-00245-CNS-1)
(D. Colo.)

_____

**ORDER**

_____

Before **HOLMES**, Chief Judge, **HARTZ**, **TYMKOVICH**, **MATHESON**, **BACHARACH**, **PHILLIPS**, **McHUGH**, **MORITZ**, **EID**, **CARSON**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.[1]

_____

This matter is before us on *Appellant's Petition for Rehearing En Banc* ("Petition"). We also have a response from Appellee, an *Unopposed Motion for Leave to File Reply in Support of Petition for Rehearing En Banc* from Appellant, and a proposed reply from Appellant. Appellant's motion for leave to file a reply is GRANTED.

The Petition, response, and reply were circulated to all active judges of the court. A poll was called, and a majority of the active judges voted to rehear this matter en banc.

---

[1] The Honorable Michael R. Murphy, who was a member of the three-judge panel in this matter, has elected not to participate in the en banc proceedings.

Accordingly, the Petition is GRANTED, the court's October 17, 2025 judgment is VACATED, the issuance of the mandate is STAYED, and this matter is REOPENED. *See* Fed. R. App. P. 40(c); *see also* 10th Cir. R. 40.2(E) (noting the effect of the grant of rehearing en banc).

Although this entire case will be reheard en banc, the parties shall specifically address the following questions in supplemental briefs:

> Did *United States v. Moore*, 30 F.4th 1021 (10th Cir. 2022) (*Moore I*), correctly hold that resentencings after adjudicated probation violations have two steps: (1) resentencing on the original offense or offenses, for which probation failed, using the USSG Chapter 5, Part A Sentencing Table; and (2) sanctioning the probation violation itself as a breach of trust under USSG Chapter 7, Part B Revocation Table (§ 7B1.4)?

> In addition to answering this question as you choose, please address the following sub-questions:

> - Are the 1994 statutory amendments to 18 U.S.C. §§ 3553(a)(4) and 3565(a)(2) ambiguous? And assuming for argument that one or both are ambiguous, how would the statements of Sentencing Commission Chairman Judge Wilkins and Senator Strom Thurmond found at 136 Cong. Rec. 28228–28232 (1990) address the points of ambiguity?

> - If *Moore I* incorrectly held that resentencings after adjudicated probation violations contain two steps as described, how does a one-step system at a resentencing work? If it is resentencing exclusively under the USSG Chapter 5, Part A Sentencing Table, what statutory or sentencing-guidelines language says so? And if the one step is instead exclusively resentencing under USSG Chapter 7, Part B Revocation Table, what statutory or sentencing-guidelines language or both says so?

> - If the one-step system is not exclusively Chapter 5 or Chapter 7, what statutory or sentencing-guidelines language permits district courts to increase the Chapter 7 probation-violation range by considering the Chapter 5 sentencing range for the offense or offenses of conviction (or to increase

the Chapter 5 sentencing range by considering the Chapter 7 revocation range)?

- Does a district court's variance to Zone A or Zone B of the sentencing table as needed to enable a probationary sentence, *see* § 5B1.1(a)(1)–(2), lock the district court into a 0–6 month sentencing range for the original offense or offenses after an adjudicated probation violation? Or may the district court return to the Chapter 5 range above Zone A or B and apply the advisory guideline range found there?

- If the district court provides a total sentence without identifying what portion of the sentence is for the offense or offenses of conviction under Chapter 5 and what portion is for the probation violation's breach of trust under Chapter 7, how can this court meaningfully review the total sentence, especially when this court employs different standards of review applying incarceration time imposed under Chapters 5 and 7?

Appellant's supplemental brief shall be filed and served within thirty days of the date of this order and may be no longer than thirty double-spaced pages in a 13- or 14-point font. Sixteen paper copies of Appellant's supplemental brief must be received in the Clerk's Office within five business days of the brief's electronic filing.

Within thirty days of service of Appellant's supplemental brief, Appellee shall file a supplemental response brief that may be no longer than thirty double-spaced pages in a 13- or 14-point font. Sixteen paper copies of Appellee's supplemental brief must be received in the Clerk's Office within five business days of the brief's electronic filing.

Within 14 days of service of Appellee's supplemental brief, Appellant may file a supplemental reply brief. The supplemental reply brief may be no longer than fifteen double-spaced pages in a 13- or 14-point font. Sixteen paper copies of the supplemental

3

reply brief must be received in the Clerk's Office within five business days of the brief's electronic filing.

The court anticipates setting this matter for oral argument during its May 2026 term of court, which is scheduled to take place the week of May 11, 2026. Accordingly, requests for extensions of the briefing deadlines set forth above are strongly discouraged and will be considered in only the most extraordinary circumstances. The parties will be advised of the specific date and time for oral argument via separate order to be issued at a later date.

Entered for the Court,

Per Curiam